# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form07instructions.pdf

| | |
|---|---|
| **9th Cir. Case Number(s)** | 22-15080 |
| **Case Name** | McGinity v. Procter & Gamble Co. |
| **Counsel submitting this form** | George V. Granade |
| **Represented party/ parties** | Plaintiff-Appellant Sean McGinity and the proposed class |

*Briefly describe the dispute that gave rise to this lawsuit.*

Plaintiff-Appellant Sean McGinity ("McGinity") brought this consumer protection class action against Defendant-Appellee The Procter & Gamble Company ("P&G") for deceptively labeling its Pantene Pro-V Nature Fusion shampoos and conditioners (collectively, the "Products") using the representation "Nature Fusion" and an image of an avocado on a green leaf, when in fact the Products are not natural because they contain numerous synthetic ingredients. McGinity brings claims under California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 et seq., False Advertising Law, Cal. Bus. & Prof. Code § 17500 et seq., and Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq., and seeks monetary and injunctive relief on behalf of a class of California consumers who purchased the Products from June 5, 2016, to time of trial for personal use, rather than resale or distribution.

In his Amended Complaint, in accordance with the Order dismissing the original Complaint, McGinity added allegations regarding a new survey of more than 400 consumers by an independent third party. The survey shows that when asked "Does the phrase 'Nature Fusion' mean the product does NOT contain synthetic ingredients?", 52.6% of consumers agreed "there are no synthetic ingredients" in the Product. And when asked "Does the phrase 'Nature Fusion' mean the product contains ONLY natural ingredients?", 49.1% of consumers agreed.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**         1         Rev. 12/01/2018

*Briefly describe the result below and the main issues on appeal.*

> On December 17, 2021, the district court entered an order granting P&G's motion to dismiss McGinity's Amended Complaint with prejudice. The district court held the Amended Complaint fails to allege sufficient facts to show that a reasonable consumer would be deceived by P&G's labeling. The district court also stated that the Amended Complaint fails for the same reasons identified in the district court's order of August 31, 2021, dismissing the original Complaint. McGinity has appealed both orders.
>
> The main issues on appeal are: (1) Did the district court err in finding McGinity failed to plead facts showing that it was plausible that a reasonable consumer could be deceived by the front labeling of P&G's Products, including the "Nature Fusion" representation? (2) Did the district court err by allowing P&G to rely upon the ingredient list on the back labeling of the Products to correct the deceptive "Nature Fusion" representations on the front?

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

> No proceedings remain below, and there are no related proceedings in other tribunals.

**Signature** /s/ George V. Granade    **Date** 01/26/2022

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**  2  *Rev. 12/01/2018*