No. 22-15080

---

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

SEAN MCGINITY, individually and on behalf of all others similarly situated,

*Plaintiff-Appellant,*

v.

THE PROCTER & GAMBLE COMPANY,

*Defendant-Appellee.*

---

On Appeal from the United States District Court
for the Northern District of California, Oakland Division
The Honorable Yvonne Gonzalez Rogers, District Judge
District Court No. 4:20-cv-08164-YGR

---

## BRIEF OF PLAINTIFF-APPELLANT SEAN MCGINITY

---

GEORGE V. GRANADE (316050)
**REESE LLP**
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272
Email: *ggranade@reesellp.com*

*Counsel for Plaintiff-Appellant Sean McGinity and the Proposed Class*
(Additional counsel listed on signature page)

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................ iii

INTRODUCTION ........................................................................... 1

JURISDICTIONAL STATEMENT ................................................ 3

QUESTIONS PRESENTED ............................................................ 4

STATEMENT OF THE CASE ........................................................ 5

I.    Relevant Facts .................................................................... 5

II.   Procedural History .......................................................... 13

SUMMARY OF THE ARGUMENT ............................................ 17

ARGUMENT ................................................................................ 20

I.    The Standard of Review Is De Novo .............................. 20

II.   *Twombly* Does Not Give the District Court License to Choose Which Facts to Believe ........................................ 20

III.  Plaintiff Properly Alleged His Statutory Claims under California Consumer Protection Law ................................ 22

      A.    The Amended Complaint Sufficiently Alleges the "Nature Fusion" Claim and Accompanying Avocado and Green Leaf Imagery Are Deceptive ........................................ 26

      B.    Ninth Circuit Precedent Prohibits Defendant from Relying on the Back Labels of the Products to Correct the Deceptive "Nature Fusion" Claim on the Front ........................ 33

IV.   Defendant's Other Ground for Dismissal, That the Amended Complaint Does Not Satisfy Federal Rule of Civil Procedure 9(b), Was Meritless ........................................ 37

CONCLUSION ............................................................................. 41

i

CERTIFICATE OF COMPLIANCE FOR BRIEFS (FORM 8) ...................... 43

STATEMENT OF RELATED CASES (FORM 17)......................................... 44

# TABLE OF AUTHORITIES

## CASES

*Ang v. Bimbo Bakeries USA, Inc.*, No. 13-cv-01196-WHO,
  2013 WL 5407039 (N.D. Cal. Sept. 25, 2013) .................................... 38, 39

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................21

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).......................................................................... passim

*Bell v. Publix Super Markets, Inc.*,
  982 F.3d 468 (7th Cir. 2020) ................................. 29, 32, 34, 36

*Danone, US, LLC v. Chobani, LLC*,
  362 F. Supp. 3d 109 (S.D.N.Y. 2019)........................................................ 36

*Dumont v. Reily Foods Co.*,
  934 F.3d 35 (1st Cir. 2019) ........................................................... 25, 32, 36

*Ebner v. Fresh, Inc.*,
  838 F.3d 958 (9th Cir. 2016) .................................................................... 20

*Ernst & Haas Mgmt. Co., Inc. v. Hiscox, Inc.*,
  23 F.4th 1195 (9th Cir. 2022) ....................................... 20, 21, 28

*Gasser v. Kiss My Face, LLC*, No. 17-cv-01675-JSC,
  2017 WL 4773426 (N.D. Cal. Oct. 23, 2017) ........................................... 40

*Goldemberg v. Johnson & Johnson Consumer Cos.*,
  8 F. Supp. 3d 467 (S.D.N.Y. 2014)......................................... 16, 30, 32, 33

*Hall v. Diamond Foods, Inc*, No. 14-cv-02148-MMC,
  2014 WL 5364122 (N.D. Cal. Oct. 21, 2014)........................................... 39

*Haskell v. Time, Inc.*,
  965 F. Supp. 1398 (E.D. Cal. 1997)......................................................... 29

*In re 5-hour ENERGY Mktg. & Sales Pracs. Litig.*,
   2014 WL 5311272 (C.D. Cal. Sept. 4, 2014) .............................................. 38

*In re Gilead Scis. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) .................................................................. 22

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) .................................................................. 38

*Linear Tech. Corp. v. Applied Materials, Inc.*,
   61 Cal. Rptr. 3d 221 (Ct. App. 2007) ...................................................... 25

*Mantikas v. Kellogg Co.*,
   910 F.3d 633 (2d Cir. 2018) ..................................................................... 35

*McKinnis v. Kellogg USA*, No. 07-cv-02611-ABC-RCX,
   2007 WL 4766060 (C.D. Cal. Sept. 19, 2007) .......................................... 29

*Moore v. GlaxoSmithKline Consumer Healthcare Holdings*,
   2021 WL 3524047 (N.D. Cal. Aug. 6, 2021) ............................................. 30

*Moore v. Mars Petcare US, Inc.*,
   966 F.3d 1007 (9th Cir. 2020) ...........................................................passim

*Moore v. Trader Joe's Co.*,
   4 F.4th 874 (9th Cir. 2021) ...................................................................... 20

*Morales v. Conopco, Inc.*, No. 2:13-2213 WBS EFB,
   2016 WL 6094504 (E.D. Cal. Oct. 18, 2016) ............................................ 28

*Paulino v. Conopco, Inc.*, No. 14-cv-05145-JG-RML,
   2015 WL 4895234 (E.D.N.Y. Aug. 17, 2015) ......................... 16, 30, 32, 33

*Reid v. Johnson & Johnson*,
   780 F.3d 952 (9th Cir. 2015) .................................................................... 25

*Ries v. Arizona Beverages USA LLC*, No. 10-01139 RS,
   2013 WL 1287416 (N.D. Cal. Mar. 28, 2013) .......................................... 29

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
   806 F.2d 1393 (9th Cir. 1986) ....................................................41

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) ............................................21, 23

*Strumlauf v. Starbucks Corp.*,
   192 F. Supp. 3d 1025 (N.D. Cal. 2016) ...............................39, 41

*United States ex rel. Anita Silingo v. WellPoint, Inc.*,
   904 F.3d 667 (9th Cir. 2018) ................................................... 38

*Werbel ex rel. v. Pepsico, Inc.*, No. 09-cv-04456-SBA,
   2010 WL 2673860 (N.D. Cal. July 2, 2010) ............................ 29

*Whitney v. Guys, Inc.*,
   700 F.3d 1118 (8th Cir. 2012) ...........................................22, 28

*Williams v. Gerber Prods. Co.*,
   552 F.3d 934 (9th Cir. 2008).............................................passim

## STATUTES

28 U.S.C. § 1291 ............................................................... 3

28 U.S.C. § 1332................................................................. 3

California's Consumers Legal Remedies Act,
   CAL. CIV. CODE § 1770 *et seq.*............................................passim

California's False Advertising Law,
   CAL. BUS. & PROF. CODE § 17500 *et seq.* ...........................passim

California's Unfair Competition Law,
   CAL. BUS. & PROF. CODE § 17200 *et seq.* ...........................passim

## OTHER AUTHORITIES

Federal Rule of Appellate Procedure 4 ........................................ 4

Federal Rule of Civil Procedure 12 ............................................................ 2, 30

Federal Rule of Civil Procedure 8 ................................................... 20, 21, 24

Federal Rule of Civil Procedure 9 ........................................................passim

## **INTRODUCTION**

The American consumer's desire for healthy products made of ingredients from nature extends not only into the realm of food and drink, but also into the world of personal care products such as shampoos and conditioners. Defendant-Appellee The Procter & Gamble Company ("Defendant" or "P&G") has endeavored to capitalize on this consumer demand by introducing into the American market "Nature Fusion" varieties of its "Pantene Pro-V" shampoos and conditioners (the "Products"). To attract nature-loving consumers to the Products, it emblazons the word "Nature" in bold capitalized letters front and center on their packaging. Indeed, the word "Nature" is the second-largest word on the front label.

Demonstrating the effect of Defendant's "Nature" Product marketing campaign is a survey of over 400 consumers, commissioned by Plaintiff's counsel and conducted by an independent third party, that shows the "Nature" promotion succeeds at communicating that the Products are natural and not synthetic. The survey reveals, among other things, that when consumers were asked if "the phrase 'Nature Fusion' mean[s] the product does NOT contain synthetic ingredients," 52.6% answered "yes," and that when they were asked if "the phrase 'Nature Fusion' mean[s] the product contains ONLY natural ingredients," 49.1% responded that it does.

1

Unfortunately for American consumers, however, P&G has engaged in a bait and switch. Despite the label's prominent, central "Nature" claim, the Products are jam-packed with synthetic, artificial, and unnatural ingredients. Nothing on the front label alerts consumers to this fact. Through this conduct, Defendant deceives consumers into paying a premium price for the so-called "Nature Fusion" shampoos and conditioners instead of other competing products that are in fact natural, in violation of California's consumer protection statutes.

The Amended Class Action Complaint ("Amended Complaint") filed by Plaintiff-Appellant Sean McGinity ("Plaintiff" or "McGinity") sets forth these unlawful acts and related legal claims in abundant detail. The District Court, however, dismissed Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), not because there were insufficient facts to explain Plaintiff's claims, but because the District Judge did not believe Plaintiff's allegations. In doing so, the District Court fundamentally misapplied Rule 12(b)(6). The court was not free to disregard the Amended Complaint's well pled facts. The allegations in the Amended Complaint are not mere conclusions; they are detailed factual allegations the court was required to accept and construe in the light most favorable to Plaintiff. Whether they will ultimately be prove is irrelevant at the motion to dismiss stage.

As discussed below, when Plaintiff's factual allegations are assumed to be true and construed in the light most favorable to Plaintiff, as they must be, the Amended Complaint undoubtedly states claims under California's consumer protection statutes on which relief could be granted. Defendant's motion to dismiss these claims should have been denied, and the District Court's Order granting that motion should be reversed.

## JURISDICTIONAL STATEMENT

The United States District Court for the Northern District of California had original subject matter jurisdiction over this putative class action under 28 U.S.C. § 1332(d)(2) because (i) at least one member of the plaintiff class is a citizen of a State different from the defendant, as Plaintiff is a citizen of California and Defendant is a citizen of Ohio (2-ER-0077 ¶¶ 5, 10); (ii) the matter in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs (2-ER-0076 ¶ 1); and (iii) the number of members of all proposed plaintiff classes in the aggregate is greater than 100 (*id.*).

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 because Plaintiff appeals from the District Court's Order Granting Motion to Dismiss Amended Complaint dated December 17, 2021, which dismissed Plaintiff's Amended Complaint with prejudice. *See* 1-ER-0002–03. Plaintiff also appeals the District Court's earlier Order Granting Motion

to Dismiss, dated August 31, 2021. 1-ER-0004–08.

Plaintiff filed a notice of appeal on January 18, 2022 (2-ER-0010–11), which is 30 days after the District Court entered the December 17, 2021, Order, accounting for Martin Luther King Jr. Day. Thus, the appeal is timely under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure.

## QUESTIONS PRESENTED

1.      Does the Amended Complaint plausibly allege the words "Nature Fusion" on the front label of the "Pantene Pro-V Nature Fusion" Product are likely to deceive reasonable consumers, where (i) the word "Nature" prominently appears in large, bold, capitalized font on the front and in the center of the label, (ii) the front label also bears natural imagery, namely, an avocado on a green leaf, (iii) a survey of more than 400 consumers by an independent third party shows, *inter alia*, that when asked "Does the phrase 'Nature Fusion' mean the product does NOT contain synthetic ingredients?", 52.6% of consumers agreed "there are no synthetic ingredients," (iv) the same survey shows, *inter alia*, that when asked "Does the phrase 'Nature Fusion' mean the product contains ONLY natural ingredients?", 49.1% of consumers agreed, and (v) the Product is substantially comprised of non-natural, synthetic ingredients?

2.      Does precedent of this Court allow Defendant to rely upon the

4

ingredient list on the back label of the Product to correct the misleading "Nature Fusion" representation on the front?

## STATEMENT OF THE CASE

### I.    Relevant Facts

The relevant facts are set forth in the Amended Complaint. 2-ER-0012–66. The Amended Complaint contains 17 pages of detailed allegations with an accompanying 38-page exhibit, which imparts the specifics of a survey of more than 400 consumers by an independent third party commissioned by Plaintiff's counsel. Indeed, the Amended Complaint and Exhibit A thereto are chock full of facts about the "Nature Fusion" shampoos and conditioners at issue, including the Product ingredients, the Product labeling, and consumer response thereto. Below Plaintiff summarizes his key allegations.

To capitalize on consumers' growing interest in and demand for natural and healthy personal care products, since approximately 2016, Defendant has uniformly labeled the Products with the words "Nature Fusion," with the word "Nature" prominently appearing in large, capitalized, bold font on the front and center of the label. 2-ER-0015–16 ¶¶ 15–16; 2-ER-0020 ¶ 36. The front labels reinforce the "Nature" messaging by means of natural imagery, namely, a picture of an avocado on a green leaf.

2-ER-0015–16 ¶ 16. Images of the front labels of the Products are below.

 

2-ER-0015–16 ¶ 16.

The "Nature Fusion" claim on the Product labels, which emphatically spotlights the word "Nature" using bold, capitalized text, communicates to reasonable consumers that the Products are natural and are not substantially composed of unnatural, synthetic ingredients. *See* 2-ER-0016–17 ¶¶ 18–20; 2-ER-0020–21 ¶¶ 37–38. A recent survey[1] of more than 400 consumers conducted by an independent third party evidences that a majority of

---

[1] *See* 2-ER-0030 (showing project date of 09/03/21 for consumer survey).

consumers (**52.6%**) believe the phrase "Nature Fusion" means the Product does NOT contain synthetic ingredients. 2-ER-0013–14 ¶ 4; 2-ER-0019–20 ¶ 35. Below is a screenshot from the survey details.

14.  Does the

phrase "Nature Fusion" mean the product does NOT contain synthetic ingredients?



*See* 2-ER-0056–57 (consumer survey question 14).

The same survey revealed that a near majority (**49.1%**) of consumers believe the phrase "Nature Fusion" means the Product contains ONLY natural ingredients. 2-ER-0013–14 ¶ 4; 2-ER-0019–20 ¶ 35. Below is a screenshot from the details of the survey.





*See* 2-ER-0058–59 (consumer survey question 15).

The survey also shows that **84.1%** of consumers answered in the affirmative when asked if the shampoo Product label conveys that the shampoo contains natural ingredients, 2-ER-0040–41 (question 6); **85.4%** of consumers answered in the affirmative when asked if the conditioner label conveys that the conditioner contains natural ingredients, 2-ER-0040–41 (question 10); **58.6%** of consumers answered in the negative when asked if the shampoo Product label conveys that the shampoo contains synthetic/artificial ingredients, 2-ER-0042–43 (question 7); and **62.0%** of consumers answered in the negative when asked if the conditioner Product label conveys that the conditioner contains synthetic/artificial ingredients, 2-ER-0042–43 (question 11). According to the survey results, **74.9%** of consumers responded that the shampoo label conveys that the Product contains more natural ingredients than synthetic/artificial ingredients, 2-ER-0044–45 (question 8), and **77.4%** of consumers responded that the conditioner label conveys that it contains more natural ingredients than synthetic/artificial ingredients, 2-ER-0044–45 (question 12).

Finally, the survey confirms the materiality of the "Nature Fusion" claim. If they knew "Nature Fusion" shampoo was made mostly from synthetic/artificial ingredients, **66.3%** of consumers would be less likely to purchase it, 2-ER-0046–47 (question 9), and if they knew "Nature Fusion"

conditioner was made mostly from synthetic/artificial ingredients, **63.8%** of consumers would be less likely to purchase it, 2-ER-0054−55 (question 13).

Unfortunately for consumers, the "Nature Fusion" shampoos and conditioners are substantially comprised of non-natural, synthetic ingredients, rather than ingredients that are found in or associated with "Nature." 2-ER-0016 ¶ 17; 2-ER-0017−20 ¶¶ 21−35. The Products contain the following ingredients that are unnatural, synthetic, and/or not found in "Nature":

- sodium laureth sulfate,
- cocamidopropyl betaine,
- cocamide MEA,
- sodium citrate,
- sodium xylenesulfonate,
- fragrance,
- dimethiconol,
- citric acid,
- sodium benzoate,
- guar hydroxypropylitrimonium chloride,
- disodium EDTA,
- panthenyl ethyl ether,
- methylchloroisothiazolinone,
- Yellow 5,
- methylisothiazolinone,
- Blue 1,
- Red 33,
- behentrimonium methosulfate,
- bis-aminopropyl dimethicone,
- benzyl alcohol, and
- dicetyldimodonium chloride.

2-ER-0017−18 ¶¶ 22−23.

To furnish further factual support concerning what ingredients a reasonable consumer likely thinks are from "Nature," the Amended Complaint avers the Natural Products Association ("NPA"), a respected industry trade group, refuses to certify as "natural" any products that contain the following ingredients—all of which are found in the Pantene Pro-V "Nature Fusion" shampoos and conditioners:

- cocamide MEA,
- behentrimonium methosulfate,
- cocamidopropyl betaine,
- dimethicone ("dimethiconol" in Defendant's PCPs),
- disodium EDTA,
- methylisothiazolinone, and
- sodium laureth sulfate.

2-ER-0018 ¶¶ 24–25. The NPA also declines to certify as "natural" any personal care products that contain "synthetic fragrances," 2-ER-0018 ¶ 26, or that include ingredients that incorporate or are derived from "petroleum compounds," 2-ER-0019 ¶ 29. The Amended Complaint states that the "Nature Fusion" shampoos and conditioners contain "fragrance" as well as dyes produced from petroleum compounds (namely, Yellow 5, Blue 1, and Red 33), and that all of these ingredients are synthetic and not associated with "Nature." 2-ER-0018–19 ¶¶ 27–28, 2-ER-0019 ¶¶ 30–34.

Defendant profits enormously from its deceptive labeling of the Products, and its "Nature Fusion" representation and accompanying

11

avocado / green leaf imagery were designed to, and did, deceive consumers including Plaintiff into paying a premium price for the Products. *See* 2-ER-0013–14 ¶ 4; 2-ER-0014 ¶ 7; 2-ER-0021–22 ¶¶ 41–47. Had Defendant not made the false and misleading "Nature Fusion" representation, along with the avocado / green leaf imagery, Plaintiff and the class members would not have been willing to pay the same amount for the Products they purchase and/or would not have been willing to purchase the Products at all. 2-ER-0021–22 ¶ 44.

Plaintiff, a resident of Santa Rosa, California, purchased the Products on about June 19, 2019, at a Safeway grocery store in Santa Rosa. 2-ER-0014 ¶¶ 5–6. Plaintiff purchased and paid a price premium for the "Nature Fusion" Products because he wanted to use personal care products that were natural, and Defendant's Products were labeled that they were of, by, and from "Nature." 2-ER-0014 ¶ 7. He relied on the deceptive labeling in making his purchases and was misled into thinking the Products were from nature or otherwise natural. 2-ER-0014 ¶ 8. Had he known at the time that the Products were not, in fact, natural but were instead made with unnatural, synthetic ingredients, he would not have purchased the Products or paid a premium price for them. *Id.*

12

## II.  Procedural History

Plaintiff filed his original Complaint on November 19, 2020. 2-ER-0075–89. In the Complaint, Plaintiff alleges claims on behalf of a California Class (2-ER-0084 ¶ 40) for violation of California's Consumers Legal Remedies Act, CAL. CIV. CODE § 1770 *et seq.* ("CLRA") (2-ER-0086 ¶¶ 42–49); False Advertising Law, CAL. BUS. & PROF. CODE § 17500 *et seq.* ("FAL") (2-ER-0086–87 ¶¶ 50–53); and Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200 *et seq.* ("UCL") (2-ER-0087–88 ¶¶ 54–59).

On April 1, 2021, Defendant moved to dismiss for failure to state a claim and for failure to plead with particularity pursuant to Federal Rule of Civil Procedure 9(b), and the parties subsequently fully briefed the motion. *See* 2-ER-0093–94. On May 28, 2021, the District Court vacated the hearing on the motion. 2-ER-0094.

On August 31, 2021, the District Court issued an Order granting the motion with leave to amend on the ground that the Complaint failed to state a claim. 1-ER-0004–08. First, the court held the Amended Complaint does not sufficiently allege the "Nature Fusion" representation is misleading or deceptive. 1-ER-0006. In support, the court stated:

> P&G makes no claim as to what ingredients are not included, or the amounts of certain ingredients included, in its products by using the words "Nature Fusion" and the accompanying imagery of an avocado on a green leaf and what appears to be a gold

13

vitamin with the word "PRO-V" affixed to it. Instead, as plaintiff concedes, P&G's use of the words alerts a reasonable consumer that the "products are composed of a 'Fusion' (or amalgam or mixture) of ingredients that are from 'Nature'". Plaintiff's complaint does not plausibly allege that a reasonable consumer would understand such fusion to mean the absence of synthetic ingredients. In fact, the allegations state the opposite. The third-party survey that plaintiff cites in the complaint confirms as much. Plaintiff alleges that "a recent consumer survey of more than 400 consumers conducted by an independent third party evidences that more than 77% of consumers were deceived to believe the product contained more natural ingredients than artificial ingredients." Thus, the survey confirms that a reasonable consumer would understand P&G products to contain both ingredients from nature and synthetic ingredients—which they do.

1-ER-0006–07 (citations omitted).

Next, the District Court held that "P&G's ingredients list included on the back of its packaging confirms that the products contain both natural and synthetic ingredients." 1-ER-0007. The Court found that Plaintiff had "not sufficiently alleged how a reasonable consumer would be deceived into believing that the products did not contain any synthetic ingredients given the express inclusion of such ingredients on the products packaging." *Id.*

Finally, the District Court stated:

P&G's lack of use of the word "Natural" in its labeling and packaging is significant. Plaintiff relies on a handful of cases finding that other defendants' use of the word "Natural" in labeling actionable under various consumer protection statutes. In citing those cases, plaintiff asks the Court to consider [Defendant's] use of the word "Nature" as synonymous with the word "Natural." The facts of those cases are different and

14

> therefore do not persuade the Court that an extension in this case is appropriate. Here, plaintiff has not alleged, nor does the Court think he could, that shampoos and conditioners occur in nature, and are therefore a byproduct of natural conditions. Thus, the Court finds that plaintiff's argument does not persuade.

1-ER-0008. In "an abundance of caution," the court granted Plaintiff leave to amend. *Id.*

Plaintiff filed the Amended Complaint on September 21, 2021. 2-ER-0012–66. In the Amended Complaint, Plaintiff again alleges claims on behalf of a California Class (2-ER-0023 ¶ 55) for violation of the CLRA (2-ER-0025–26 ¶¶ 57–67), the FAL (2-ER-0026 ¶¶ 68–71), and the UCL (2-ER-0027 ¶¶ 72–77). Furthermore, the Amended Complaint replaces and supplements the original Complaint's allegations regarding a consumer survey, *see* 2-ER-0076 ¶ 4, with allegations regarding a new survey of more than 400 consumers conducted by an independent third party that Plaintiff's counsel commissioned after the District Court had dismissed the original Complaint, *see* 2-ER-0013–14 ¶ 4; 2-ER-0019–20 ¶ 35. Appended as Exhibit A to the Amended Complaint is a document revealing the details of the more recent consumer survey. 2-ER-0029–66; *see* 2-ER-0030 (showing project date of 09/03/21 for new survey).

On October 13, 2021, Defendant again moved to dismiss for failure to state a claim and for failure to satisfy Rule 9(b), and the parties finished fully

briefing the motion on November 22, 2021. *See* 2-ER-0094–95. The District Court held a hearing on the motion on December 7, 2021. 2-ER-0095.

On December 17, 2021, in a two-page order, the District Court granted the motion on the ground that the Amended Complaint failed to state a claim for relief. 1-ER-0002–03. The court stated that the Amended Complaint "fails for the same reasons identified in the Court's order dismissing the original complaint." 1-ER-0002. The court also discussed two cases upon which Plaintiff had relied in opposing dismissal, *Paulino v. Conopco, Inc.*, No. 14-cv-05145-JG-RML, 2015 WL 4895234 (E.D.N.Y. Aug. 17, 2015), and *Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F. Supp. 3d 467 (S.D.N.Y. 2014), and concluded both cases were inapposite. 1-ER-0002–03. Having once dismissed the pleading with leave to amend, the District Court dismissed the Amended Complaint with prejudice. *Id.*

On January 18, 2022, this appeal followed. 2-ER-0010–11. Because the Order dismissing the Amended Complaint relied upon the Order dismissing the original Complaint, Plaintiff has appealed both Orders. Plaintiff asks the Court to uphold the Amended Complaint.

## **SUMMARY OF THE ARGUMENT**

Plaintiff properly alleges a clear misrepresentation claim: Defendant sells shampoos and conditioners that it tells the public are natural by prominently and conspicuously labeling them with the words "Nature Fusion" and an image of an avocado on a green leaf. As evidenced by an independent consumer survey, the "Nature Fusion" Product labels lead reasonable consumers to believe the Products are natural and are not substantially comprised of synthetic, artificial, and unnatural ingredients. None of that, however, is true. The so-called "Nature Fusion" shampoos and conditioners are in fact filled to the brim with synthetic, artificial, and unnatural ingredients. Defendant engages in this conduct to capitalize on the American market for natural and healthy personal care products by charging a premium price for the "Nature Fusion" Products.

The District Court saw nothing deceptive about conspicuously labeling shampoos and conditioners using the term "Nature Fusion," with the word "Nature" bolded and in all capital letters, when the truth about the Products is they are overwhelmingly comprised of synthetic, unnatural ingredients. The District Court looked for innocent explanations for the conduct at issue and interpreted the words "Nature Fusion" in a way that favored P&G, instead of drawing inferences in Plaintiff's favor. It engaged in

hypertechnical parsing of the challenged representations, drawing a bright line between the words "Natural" and "Nature," when the facts alleged in the pleading and accompanying consumer survey plausibly show reasonable consumers would *not* do so. The District Court also failed to follow governing authority under which the ingredient list on the back of the Product label may not be used to sanitize deceptive representations on the front. Deceptiveness is a question of fact, and a reasonable jury could readily find that Defendant's conduct creates precisely the false impressions that Plaintiff alleges and that, indeed, are essential to Defendant charging a significantly higher price for these shampoos and conditioners that are supposedly from "Nature" than what consumers would pay if they knew the truth. Plaintiff's allegations are not mere conclusions or labels; they are well elaborated factual claims that the District Court was required to accept.

Nor was there any other basis to dismiss Plaintiff's California consumer fraud claims. While the District Court did not reach Defendant's argument that the pleading does not meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), the Amended Complaint undeniably details the who, what, when, where, and how of the alleged fraud. Defendant ("who") promotes the Products as natural using the statement "Nature Fusion" and images of an avocado and a green leaf ("what"), all placed

18

prominently front and center on the Product labeling ("where"), and Defendant has done so throughout the period from June 5, 2016, to the present ("when"). The "Nature Fusion" promotion is deceptive because the Products are in fact substantially composed of synthetic, artificial, and unnatural ingredients ("how"). Defendant employs the deceptive "Nature" messaging to beguile unwitting consumers into paying more for the Products than they would have had they known the truth ("why"). Plaintiff's allegations laying out this false and misleading conduct are not vague assertions, but a particularized, plain explanation of what Defendant is doing and why.

District courts are required to accept factual allegations as true at this stage. *Twombly* and its progeny do not require detailed evidentiary pleading. They merely prevent plaintiffs from asserting the bare elements of a claim and legal conclusions without factual details. Nor does *Twombly*'s plausibility standard allow courts to dismiss claims based on skepticism about the facts alleged, or because the court finds contrary inferences more reasonable. The District Court strayed from these core limits on its power to dismiss pleadings, disregarding Plaintiff's substantially detailed factual allegations and focusing on inferences drawn against Plaintiff rather than those in his favor. Discovery may or may not bear out Plaintiff's allegations.

But they are plainly sufficient to supply Defendant fair notice of what it is alleged to have done and why it was unlawful. The District Court should have denied Defendant's motion to dismiss, and this Court should remand this case with instructions to do so.

## ARGUMENT

### I. The Standard of Review Is De Novo

This Court reviews a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo. *Ernst & Haas Mgmt. Co., Inc. v. Hiscox, Inc.*, 23 F.4th 1195, 1199 (9th Cir. 2022); *accord Moore v. Trader Joe's Co.*, 4 F.4th 874, 880 (9th Cir. 2021); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962 (9th Cir. 2016).

### II. *Twombly* Does Not Give the District Court License to Choose Which Facts to Believe

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). As the United State Supreme Court has interpreted Rule 8(a) in the *Twombly/Iqbal* line of cases, a sufficiently pled claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*; *accord Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court is required to "accept[] as true all well-pleaded allegations of material fact and constru[e] those facts in the light most favorable to the non-moving party." *Ernst & Haas Mgmt. Co., Inc.*, 23 F.4th at 1199; *accord Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1016 (9th Cir. 2020) ("*Mars Petcare US, Inc.*"). "[D]ismissal is affirmed only if it aappears beyond doubt that [the] plaintiff can prove no set of facts in support of its claims which would entitle it to relief." *Ernst & Haas Mgmt. Co., Inc.*, 23 F.4th at 1199. "It is axiomatic that the motion to dismiss . . . is viewed with disfavor and is rarely granted." *Id.* The pleading "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Rule 8 is not a docket clearing device. "The plausibility standard is not akin to a 'probability requirement' . . . ." *Iqbal*, 556 U.S. at 678. On the contrary, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is

very remote and unlikely.'" *Twombly*, 550 U.S. at 556; *accord In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008) (finding that trial court's "incredulity" was not a proper ground for granting a motion to dismiss and faulting the court for being "unwilling to accept" allegations as true). As the United States Court of Appeals for the Eighth Circuit has held, the plausibility requirement is objective and is not "measured with reference to what a particular . . . judge deems to be subjectively reasonable behavior." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1130 (8th Cir. 2012).

Unfortunately, the District Court did not adhere to these rules. Instead of viewing the alleged facts in the light most favorable to Plaintiff and drawing reasonable inferences in Plaintiff's favor, the District Court found the factual allegations unpersuasive and dismissed them. When the proper standard is applied, it is clear that Plaintiff's claims were adequately pled, and the District Court should have denied the motion to dismiss.

## III. Plaintiff Properly Alleged His Statutory Claims under California Consumer Protection Law

Plaintiff alleges Defendant's deceptive "Nature Fusion" promotion violates three related California consumer protection statutes: the UCL, the FAL, and the CLRA. 2-ER-0025–27 ¶¶ 57–77. Violation of each is tied to Defendant's false and misleading advertising of the Pantene Pro-V "Nature Fusion" shampoos and conditioners. The question presented was the same

for each: whether Plaintiff plausibly pled Defendant made material misrepresentations that were likely to deceive reasonable consumers, acting reasonably in the circumstances, when it marketed and sold the so-called "Nature Fusion" shampoos and conditioners. *See Mars Petcare US, Inc.*, 966 F.3d at 1017; *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).

When Plaintiff's allegations are accepted as true, construed in the light most favorable to Plaintiff, and reasonable inferences are drawn therefrom, it is clear his claims are properly pled. Plaintiff has sufficiently alleged the "underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *See Starr*, 652 F.3d at 1216. As discussed in detail above, Defendant represented that the "Nature Fusion" shampoos and conditioners are natural by denominating them as such using the bold, capitalized word "Nature" and the natural imagery of an avocado and a green leaf. In truth, the Products are overflowing with synthetic and non-natural ingredients. Defendant simply affixed the word "Nature" and the avocado and green leaf imagery to the labeling to make its "Pantene Pro-V" shampoos and conditioners more appealing to the consuming public, thereby enabling it to charge a premium price. The consumer survey commissioned by Plaintiff's counsel and carried out by an independent third party confirms

and bolsters the Amended Complaint's factual allegations. *See supra* pp. 6–10. This is not merely a "formulaic recitation of the elements of a cause of action." *See Twombly*, 550 U.S. at 555. This detailed pleading is in full compliance with Rule 8(a) and, furthermore, Rule 9(b).

The District Court simply did not believe Plaintiff's allegations. The court's dismissal of Plaintiff's claims rested on two grounds.[2] First, the court refused to credit Plaintiff's allegations—including the consumer survey—that show that the "Nature Fusion" claim dupes consumers into believing the Products are natural, when in fact they are not. 1-ER-0006–07; 1-ER-0008.

Second, the court departed from well-trodden Ninth Circuit precedent and held that the ingredient list on the back of a consumer product may correct deceptive representati0ns on the front. 1-ER-0007–08. According to the court, McGinity "has not sufficiently alleged how a reasonable consumer would be deceived into believing that the products did not contain any synthetic ingredients given the express inclusion of such ingredients on the [back of the] products packaging." 1-ER0007.

An allegation of deceptiveness is not a conclusion or question of law

---

[2] Because the District Court relied upon its Order dismissing the original Complaint in its Order dismissing the Amended Complaint, *see* 1-ER-0002 (holding that the Amended Complaint "fails for the same reasons identified in the Court's order dismissing the original complaint"), Plaintiff addresses the Order dismissing the original Complaint herein.

that the court can simply reject on a motion to dismiss based on the individual judge's evaluation of whether the defendant's alleged conduct is deceptive. Vitally, under the reasonable consumer standard, "'[w]hether a practice is deceptive will usually be a question of fact not appropriate for decision on demurrer' or motions to dismiss." *Mars Petcare US, Inc.*, 966 F.3d at 1017 (quoting *Williams*, 552 F.3d at 938); *see also Dumont v. Reily Foods Co.*, 934 F.3d 35, 41 (1st Cir. 2019) ("[W]e think it best that six jurors, rather than three judges, decide on a full record whether the challenged label 'has the capacity to mislead' reasonably acting, hazelnut-loving consumers."); *Linear Tech. Corp. v. Applied Materials, Inc.*, 61 Cal. Rptr. 3d 221, 236 (Ct. App. 2007) ("Whether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires 'consideration and weighing of evidence from both sides' and which usually cannot be made on demurrer."). The reasonable consumer standard "raises questions of fact that are appropriate for resolution on a motion to dismiss only in 'rare situation[s].'" *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015). There were ample facts alleged from which a trier of fact could find Defendant's practices deceptive.

**A.    The Amended Complaint Sufficiently Alleges the "Nature Fusion" Claim and Accompanying Avocado and Green Leaf Imagery Are Deceptive**

The District Court held the Amended Complaint does not sufficiently allege the "Nature Fusion" representation is deceptive because Defendant "makes no claim as to what ingredients are not included, or the amounts of certain ingredients included, in its products by using the words 'Nature Fusion' and the accompanying imagery of an avocado on a green leaf and what appears to be a gold vitamin with the word 'PRO-V' affixed to it." 1-ER-0006–07. To reach this conclusion, the District Court erred by failing to credit Plaintiff's well-pled factual allegations; indeed, instead, the District Court discounted Plaintiff's allegations and viewed them in the light most favorable to Defendant.

The Amended Complaint alleges clearly that the essence of Defendant's deception is the eye-grabbing, uniform "Nature Fusion" representation on the front and in the center of the Product packaging, including the prominent, bold, capitalized word "Nature," 2-ER-0015–16 ¶¶ 15–16; 2-ER-0020 ¶ 36, which is reinforced by natural imagery, i.e., a picture of an avocado on a green leaf, 2-ER-0015–16 ¶ 16; *and, critically, the Amended Complaint alleges reasonable consumers understand this "Nature" communication to mean the Products are not*

***substantially composed of unnatural, synthetic ingredients***. *See* 2-ER-0016–17 ¶¶ 18–20; 2-ER-0020–21 ¶¶ 37–38.

Bolstering and supplementing Plaintiff's allegations, a survey of more than 400 consumers by an independent third party shows 52.6% of consumers believe the phrase "Nature Fusion" means the Product does NOT contain synthetic ingredients, 2-ER-0013–14 ¶ 4; 2-ER-0019–20 ¶ 35; 2-ER-0056–57 (consumer survey question 14), and 49.1% believe "Nature Fusion" means the Product contains ONLY natural ingredients. 2-ER-0013–14 ¶ 4; 2-ER-0019–20 ¶ 35; 2-ER-0058–59 (consumer survey question 15). Substantial majorities of consumers also responded that the "Nature Fusion" shampoo and conditioner labels convey that these Products contain natural ingredients, 2-ER-0040–41 (question 6); 2-ER-0040–41 (question 10); do not contain synthetic/artificial ingredients, 2-ER-0042–43 (question 7); 2-ER-0042–43 (question 11); and contain more natural ingredients than those that are synthetic/artificial, 2-ER-0044–45 (question 8); 2-ER-0044–45 (question 12). The survey also shows consumers would be less likely to purchase the "Nature Fusion" Products if they were made mostly from synthetic/artificial ingredients. 2-ER-0046–47 (question 9); 2-ER-0054–55 (question 13).

The "Nature Fusion" marketing is false and misleading because the

Products are in fact substantially comprised of non-natural, synthetic ingredients, 2-ER-0016 ¶ 17; 2-ER-0017–20 ¶¶ 21–35, which the Amended Complaint specifically identifies, 2-ER-0017–18 ¶¶ 22–23.

Plaintiff has not simply offered a generic conclusion that the Product labeling, including the term "Nature Fusion," is deceptive, but has alleged specific facts explaining how and why it is deceptive and caused consumers to pay higher prices compared to shampoos and conditioners not promoted as being from "Nature." *See Williams*, 552 F.3d at 939. Plaintiff alleges, with factual underpinning, what representations were made, what reasonable inferences follow from them for consumers, and why. The District Court was required to accept these allegations as true and view them in the light most favorable to Plaintiff, irrespective of the District Judge's subjective skepticism about them. *Ernst & Haas Mgmt. Co., Inc.*, 23 F.4th at 1199; *Mars Petcare US, Inc.*, 966 F.3d at 1016; *Whitney*, 700 F.3d at 1130.

Furthermore, Plaintiff's consumer survey is key evidence that should not be brushed aside. California courts have held that survey evidence, in addition to the product labeling itself, is crucial to establishing the meaning of disputed labeling representations at later phases of litigation. *See, e.g.*, *Morales v. Conopco, Inc.*, No. 2:13-2213 WBS EFB, 2016 WL 6094504, at *4 (E.D. Cal. Oct. 18, 2016) (discussing use of "competing surveys and expert

testimony" to determine whether a reasonable consumer would be deceived); *Ries v. Arizona Beverages USA LLC*, No. 10-01139 RS, 2013 WL 1287416, at *6 (N.D. Cal. Mar. 28, 2013) ("[A]necdotal evidence alone is insufficient to prove that the public is likely to be misled. Thus, to prevail, plaintiff must demonstrate by extrinsic evidence, such as consumer survey evidence, that the challenged statements tend to mislead consumers."); *Haskell v. Time, Inc.*, 965 F. Supp. 1398, 1407 (E.D. Cal. 1997) (same).

This case is not one of those that border on fantasy, in which the trial court may resolve the reasonable consumer inquiry as a matter of law. *See, e.g.*, *Werbel ex rel. v. Pepsico, Inc.*, No. 09-cv-04456-SBA, 2010 WL 2673860, at *4–5, *6 (N.D. Cal. July 2, 2010) (rejecting claim that label of "Cap'n Crunch" cereal containing "Crunch Berries" was deceptive because product did not derive nutrition from real berries or fruit); *McKinnis v. Kellogg USA*, No. 07-cv-02611-ABC-RCX, 2007 WL 4766060, at *3–5 (C.D. Cal. Sept. 19, 2007) (rejecting claim that brightly colored ring-shaped "Froot Loops" cereal label was deceptive because product did not contain actual fruit). Rather, where, as here, "a plaintiff's interpretation of a challenged statement is *not* facially illogical, implausible, or fanciful, then a court may *not* conclude that it is nondeceptive as a matter of law." *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 493 (7th Cir. 2020) (Kanne, J., concurring).

Indeed, this case is no different from the plethora of cases that have held claims regarding deceptive "natural" statements on cosmetic and food products survive dismissal at the Rule 12(b)(6) stage. Numerous courts have held it is plausible that the terms "natural" or "naturals" on personal care products such as shampoos and conditioners are likely to mislead reasonable consumers into believing the products do not contain synthetic ingredients. *E.g.*, *Moore v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*, No. 20-cv-09077-JSW, 2021 WL 3524047, at *8 (N.D. Cal. Aug. 6, 2021) ("Numerous courts in the Ninth Circuit have found it plausible that a reasonable consumer could understand similar 'natural' statements, including '100% natural,' 'natural,' and 'naturally-sourced,' to mean that a product does not contain any non-natural ingredients."); *Paulino*, 2015 WL 4895234, at *1, *4–6, *7 (denying motion to dismiss CLRA, FAL, and UCL claims because fact questions existed as to whether the term "Naturals" and accompanying natural imagery on the defendant's "Suave Naturals" brand shampoos, conditioners, and other personal care products were likely to mislead a reasonable consumer, when the products contained synthetic ingredients); *Goldemberg*, 8 F. Supp. 3d at 480 (question of fact sufficient to survive motion to dismiss existed as to whether the term "Active Naturals" on personal care products was likely to mislead a reasonable consumer, when

the products contained synthetic ingredients).[3] These decisions are on point and provide strong grounds for reversal here.

The District Court also engaged in highly technical parsing of the "Nature" representation, which no reasonable consumer hurrying through the aisles of a retail store seeking shampoo and conditioner products would ever undertake. *See* 1-ER-0008. According to the court, "P&G's lack of use of the word 'Natural' in its labeling and packaging is significant" because "the word 'Nature'" is not "synonymous with the word 'Natural.'" *Id.* The court concluded that "an extension" of the case law regarding the term "Natural" is not appropriate here. *Id.* The Court should reject this analysis because it departs from the reasonable consumer standard. As discussed further below,

---

[3] *Morales v. Unilever U.S., Inc.*, No. 2:13-cv-02213-WBS-E, 2014 WL 1389613, at *1, *7 (E.D. Cal. Apr. 9, 2014) (denying motion to dismiss claims under CLRA and UCL that "TRESemmé Naturals" hair care products contained synthetic ingredients; holding that the court "cannot conclude at [the motion to dismiss] stage of the litigation that a reasonable consumer would not be misled by the term 'natural' or 'Naturals'"); *Fagan v. Neutrogena Corp.*, No. 13-01316, 2014 WL 92255, at *2 (C.D. Cal. Jan. 8, 2014) (rejecting defendant's argument "that the various formulations of the 'naturally sourced' language found on the product [principal display panels] are not misleading as a matter of law"); *Jou v. Kimberly-Clark Corp.*, No. 13-cv-03075-JSC, 2013 WL 6491158, at *1, *5–10 (N.D. Cal. Dec. 10, 2013) (denying motion to dismiss claims under the UCL, FAL, and CLRA that the defendant misrepresented its "Huggies" brand "pure & natural" diapers and "Natural Care" wipes as "natural" due to the presence of synthetic ingredients in the products, because "[t]he Court [was] not persuaded that, as a matter of law, no reasonable consumer could be deceived by the packaging of Defendant's diapers and wipes").

reasonable consumers do not study the labels of low-value consumer goods with great diligence or in the same way that a judge would analyze a statute. *Bell*, 982 F.3d at 476; *Dumont*, 934 F.3d at 40. And the law imposes no such requirement on consumers. *Bell*, 982 F.3d at 476. The Court should hold the District Court erred by engaging overly technical analysis of the Product labeling when it drew a bright line between "Natural" and "Nature" representations.

Finally, in its Order dismissing the Amended Complaint, the District Court rejected Plaintiff's reliance on *Paulino* and *Goldemberg* in opposition to Defendant's motion to dismiss, holding those cases are off point. 1-ER-0003. According to the court, Plaintiff's Amended Complaint "does not include the same level of factual details as *Paulino* and *Goldemberg*." *Id.* Comparison of Plaintiff's allegations with the allegations in *Paulino* and *Goldemberg*, however, demonstrates that the level of detail of the Amended Complaint is materially indistinguishable from that in both of those case.

In *Paulino*, the word "Naturals" was the central representation at issue on the defendant's "Suave" brand personal care products; it was coupled with "statements that the [p]roducts are 'infused with' various natural-sounding ingredients,'" and "the [p]roducts' names themselves reflect[ed] a natural environment or objects." *Paulino*, 2015 WL 4895234, at *5–6. Similarly, in

*Goldemberg*, the words "Active Naturals" were the central challenged claim on the defendant's "Aveeno" brand personal care products, and the pleading also included supporting allegations regarding the defendant's advertising of the products on social media and its website. *Goldemberg*, 8 F. Supp. 3d at 479–80.

Here as in *Paulino* and *Goldemberg*, the central challenged representation is a claim that the personal care products at issue are natural, specifically, "Nature Fusion."[4] And as in both of those cases, here, the pleading alleges supporting representations that bolster the natural claim, namely, the images of an avocado and a green leaf. The supporting natural images here are similar to the "infused with" claims and natural-sounding names in *Paulino* and the social media and website claims in *Goldemberg*.

For all these reasons, this Court should reverse the District Court's holding that the Amended Complaint did not adequately allege consumer deception.

**B. Ninth Circuit Precedent Prohibits Defendant from Relying on the Back Labels of the Products to Correct the Deceptive "Nature Fusion" Claim on the Front**

The District Court's second ground for dismissal is equally

---

[4] Note also that the "Fusion" claim here is difficult to differentiate from the "infused with" claim on the "Naturals" labeling in *Paulino*.

unsupportable. The court found that Plaintiff "has not sufficiently alleged how a reasonable consumer would be deceived into believing that the products did not contain any synthetic ingredients given the express inclusion of such ingredients on the products packaging." 1-ER-0007.[5]

This ruling flies in the face of Ninth Circuit precedent. Under that authority:

> [R]easonable consumers should be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box. The ingredient list on the side of the box . . . certainly serves some purpose. We do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception. Instead, reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging.

*Williams*, 552 F.3d at 939–40; *accord Bell*, 982 F.3d at 476 ("[A]n accurate fine-print list of ingredients does not foreclose as a matter of law a claim that an ambiguous front label deceives reasonable consumers."); *Mars Petcare US, Inc.*, 966 F.3d at 1017 ("If, however, 'a back label ingredients list . . . conflict[s] with, rather than confirm[s], a front label claim,' the plaintiff's claim is not defeated."); *Mantikas v. Kellogg Co.*, 910 F.3d 633, 637 (2d Cir.

---

[5] As noted above, Plaintiff herein addresses the Order dismissing his original Complaint because the Order dismissing his Amended Complaint incorporated the reasoning of the earlier Order. 1-ER-0002.

2018) ("We conclude that a reasonable consumer should not be expected to consult . . . the side of the box to correct misleading information set forth in large bold type on the front of the box.").

Defendant sends the message to reasonable consumers that the Products are natural by emblazoning them with the term "Nature Fusion" on the front of the packaging, accompanied by the natural imagery of an avocado and a green leaf. 2-ER-0015–16 ¶¶ 15–16. Under *Williams* and *Mars Petcare US, Inc.*, Defendant may not mislead reasonable consumers into believing the Products are natural on the front label and then correct the deceptive statement by divulging they are in fact composed mostly of synthetic, unnatural ingredients by means of the ingredient list on the back. *Williams*, 552 F.3d at 939–40. The District Court's ruling to the contrary was reversible error.

Furthermore, even if consumers were to view the ingredient list, the list fails to neutralize the false and misleading "Nature Fusion" claim. The ingredient list does not specify which ingredients are natural and which are synthetic. *See* 2-ER-0071 (back label of shampoo); 2-ER-0074 (back label of conditioner). Instead, it is an often-inscrutable enumeration of long scientific and chemical names. The reasonable consumer, however, is not someone with an advanced understanding of chemistry; instead, it is the

ordinary consumer. *See, e.g.*, *Dumont*, 934 F.3d at 40 ("Our dissenting colleague envisions a more erudite reader of labels, tipped off by the accent grave on the word 'crème,' and armed perhaps with several dictionaries, a bit like a federal judge reading a statute."). By listing the ingredients by the chemical name, Defendant has made it difficult, if not impossible, to distinguish between ingredients which are natural and those which are synthetic. *See* 2-ER-0071; 2-ER-0074.

Moreover, the list does not describe how the ingredients were created. Thus, a consumer would have to conduct detailed research on each ingredient to ascertain whether it was created by nature or in a laboratory—and even then, the consumer may not be completely certain as to the method used. Consumer protection laws, however, "do not impose on average consumers an obligation to question the labels they see and to parse them as lawyers might for ambiguities, especially in the seconds usually spent picking a low-cost product." *Bell*, 982 F.3d at 476. "[A] parent walking down the [] aisle in a [retail] store, possibly with a child or two in tow, is not likely to study with great diligence the contents of a complicated product package, searching for and making sense of fine-print disclosures . . . . Nor does the law expect this of the reasonable consumer." *Id.* (quoting *Danone, US, LLC v. Chobani, LLC*, 362 F. Supp. 3d 109, 123 (S.D.N.Y. 2019)). The District

Court's ruling relies on the premise that the reasonable consumer has a level of sophistication and knowledge regarding chemistry that is much greater than the ordinary consumer, or, alternatively, is willing to devote the time (perhaps via smartphone internet searches) while perusing the aisle of a retail store that it takes to attempt to obtain such knowledge. The District Court's conception of the reasonable consumer contradicts the law.

Finally, at the motion to dismiss stage, the likely impact of ingredient list on a reasonable consumer is a factual issue, not determinable on the pleadings. *See Williams*, 552 F.3d at 938.

## IV.  Defendant's Other Ground for Dismissal, That the Amended Complaint Does Not Satisfy Federal Rule of Civil Procedure 9(b), Was Meritless

Defendant's motion to dismiss the Amended Complaint raised an alternative ground that did not form the basis of the District Court's Order dismissing Plaintiff's claims, i.e., that the Amended Complaint does not satisfy Federal Rule of Civil Procedure 9(b). This ground does not justify affirmance here.

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). To comply with Rule 9(b), a pleading must articulate the who, what, when, where, and how of the fraud sufficiently to give the defendant notice of the particular deceptive

conduct at issue so it can defend against the charge and not just deny it has done anything wrong. *United States ex rel. Anita Silingo v. WellPoint, Inc.*, 904 F.3d 667, 677 (9th Cir. 2018); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

"Many courts in California have applied a relatively straightforward test for the application of Rule 9(b) to label-based fraud claims," under which "[t]he 'who' are the defendants; the 'what' are their allegedly misleading claims; the 'when' is the proposed class period, during which those claims were made; the 'where' is the offending label; and the 'how' is the plaintiff's explanation why the defendant's claims are misleading." *In re 5-hour ENERGY Mktg. & Sales Pracs. Litig.*, No. MDL 13-2438 PSG PLA, 2014 WL 5311272, at *17 (C.D. Cal. Sept. 4, 2014); *see also Ang v. Bimbo Bakeries USA, Inc.*, No. 13-cv-01196-WHO, 2013 WL 5407039, at *3 (N.D. Cal. Sept. 25, 2013). The Amended Complaint assuredly fulfills all of these requirements.

**Who:** The "who" of the fraud is Defendant.

**What:** Defendant conspicuously labels its "Pantene Pro-V Nature Fusion" shampoo and conditioner Products with the words "Nature Fusion," stressing the word "Nature" with bold, capitalized text. 2-ER-0013 ¶ 3; 2-ER-0015–16 ¶¶ 15–16; 2-ER-0020–21 ¶¶ 36–37. The labels also feature

natural imagery, an avocado and a green leaf. 2-ER-0015–16 ¶ 16. The "Nature" message influenced Plaintiff to purchase the Products at a premium price. 2-ER-0014 ¶¶ 6–8. Defendant can harbor no doubt as to which labels Plaintiff claims are misleading, as the complaint contains pictures of the shampoo and the conditioner that reveal the "Nature Fusion" statements and attendant natural imagery. 2-ER-0015–16 ¶ 16. The "what" of the fraud is well pled. *Hall v. Diamond Foods, Inc*, No. 14-cv-02148-MMC, 2014 WL 5364122, at *2 (N.D. Cal. Oct. 21, 2014) (holding that plaintiff adequately pled the "what" of the fraud by "[identifying] the precise statement on which he relied" and "[attaching] to the [pleading] a photograph of the front portion of the packaging, which portion contains the statement on which he alleges he relied").

**When:** The "when" of the fraud is throughout the period from June 5, 2016, to the time of trial. 2-ER-0023 ¶¶ 51, 55. McGinity bought Pantene Pro-V Nature Fusion Smoothing Shampoo and Pantene Pro-V Nature Fusion Smoothing Conditioner on or about June 19, 2019. 2-ER-0014 ¶ 6; *see Strumlauf v. Starbucks Corp.*, 192 F. Supp. 3d 1025, 1034 (N.D. Cal. 2016) (holding that the "when" was adequately pled because plaintiffs alleged they purchased the product during the relevant class period); *Ang*, 2013 WL 5407039, at *3 (the "when" was "the timeframe for the class allegations").

39

**Where:** Defendant uniformly labeled the Products with the statement "Nature Fusion" and the accompanying images of an avocado and a green leaf on the front of the packaging. 2-ER-0015–16 ¶ 16; *see Gasser v. Kiss My Face, LLC*, No. 17-cv-01675-JSC, 2017 WL 4773426, at \*6 (N.D. Cal. Oct. 23, 2017) ("Plaintiffs identified what statements were misleading and where they were located—the statement '100% natural mineral defense' is located on the front label of the products.").

**How:** Defendant promotes the Products using the "Nature Fusion" statement, which highlights the bold, capitalized word "Nature," and the accompanying avocado / green leaf imagery, which collectively persuade reasonable consumers that the Products are natural and are not substantially comprised of synthetic, unnatural ingredients. *See* 2-ER-0016–17 ¶¶ 18–20; 2-ER-0020–21 ¶¶ 37–38. As discussed in detail above, a recent consumer survey offers ample factual support for these allegations. *See supra* pp. 6–10. Defendant's "Nature Fusion" representations hoodwink consumers, however, because the Products are not composed of a fusion of ingredients from nature and, instead, are substantially comprised of synthetic, artificial, and unnatural ingredients. 2-ER-0013–14 ¶¶ 3–4; 2-ER-0016 ¶ 17; 2-ER-0017–20 ¶¶ 21–35. Further, Plaintiff alleges he was induced to purchase the Products at a premium price based on the "Nature Fusion"

messaging, including in particular the "Nature" component thereof. 2-ER-0014 ¶¶ 7–8; *see also* 2-ER-0020–21 ¶ 37. For all these reasons, the Amended Complaint sufficiently alleges the "how" of the fraud. *See Strumlauf*, 192 F. Supp. 3d at 1035 ("how" prong satisfied where plaintiff alleged what made the representations misleading and that plaintiff paid a premium for the products based on the misrepresentations).

As McGinity has shown above, the Amended Complaint satisfies Rule 9(b), as it supplies more than sufficient detail to enable Defendant to "prepare an adequate answer from the allegations." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir. 1986). Rule 9(b) is not an adequate ground for affirming the District Court.

## <u>CONCLUSION</u>

As explained above, Plaintiff has met his pleading burden. He respectfully requests that this Court reverse the dismissal of his Amended Complaint and remand with instructions to deny Defendant's motion to dismiss.

DATE: May 31, 2022                    Respectfully submitted,

                              **REESE LLP**

                              By: */s/ George V. Granade*
                              GEORGE V. GRANADE (316050)

41

*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272

**REESE LLP**
MICHAEL R. REESE (206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

*Counsel for Plaintiff Sean McGinity
and the Proposed Class*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 22-15080

I am the attorney or self-represented party.

**This brief contains** | 8,435 | **words**, excluding the items exempted

by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R.

App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

⦿ complies with the word limit of Cir. R. 32-1.

○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

○ is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one):*

    ○ it is a joint brief submitted by separately represented parties;

    ○ a party or parties are filing a single brief in response to multiple briefs; or

    ○ a party or parties are filing a single brief in response to a longer joint brief.

○ complies with the length limit designated by court order dated _____.

○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | /s/ George V. Granade     **Date** | May 31, 2022

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8**         *Rev. 12/01/2018*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form17instructions.pdf*

**9th Cir. Case Number(s)** | 22-15080

The undersigned attorney or self-represented party states the following:

◉ I am unaware of any related cases currently pending in this court.

○ I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

○ I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

**Signature** | /s/ George V. Granade    **Date** | May 31, 2022

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 17**         *New 12/01/2018*